

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. N. Winship, Jr., Superintendent
Gatesville State School for Boys
Gatesville, Texas

Dear Sir:
Opinion No. O-5490
Re: Interpretation of the last
paragraph of Section 13,
Senate Bill No. 44, Acts
of the 48th Legislature,
Regular Session.

Your request for our opinion on the hereinabove cap-
tioned matter has been received by this department. We quote
from your letter as follows:

". . . .

"Shall the superintendent receive or refuse to
receive a boy committed to the Gatesville State
School for Boys under the following circumstances:
(a) when the committing court fails to transmit with
the order of commitment a summary of its informa-
tion concerning the committed child; (b) when the
committing court fails to give in the order of com-
mitment the birth date of the child or attach there-
to a certified copy of the birth certificate?

"This question has arisen with regard to the
carrying out of the last part of Section 13 of the
New Texas Juvenile Court Act (Senate Bill 44) as
amended by the 48th Legislature.

". . . ."

Section 13, Senate Bill 44, Acts of the 48th Legis-
lature, reads in part as follows:

Honorable R. N. Winship, Jr., page 2

"• • ••

"If no jury is demanded, the Judge shall proceed with the hearing. When the proceeding is with a jury, the verdict shall state whether the juvenile is a 'delinquent child' within the meaning of this Act, and if the Judge or jury finds that the child is delinquent, or otherwise within the provisions of this Act, the court may by order duly entered proceed as follows:

"• • ••

"(2) Commit the child to a suitable public institution or agency, or to a suitable private institution or agency authorized to care for children; or to place them in suitable family homes or parental homes for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years;

"• • ••

"Whenever the court shall commit a child to any institution or agency, it shall transmit with the order of commitment, a summary of its information concerning such child and give in the order of commitment the birth date of the child or attach thereto a certified copy of the birth certificate."

Section 3 of said Senate Bill 44, reads in part as follows:

"• • • The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

Honorable R. N. Winship, Jr., page 3

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

"(e) or who habitually violates a compulsory school attendance law of this state;

"(f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others;

"(g) or who habitually associates with vicious and immoral persons."

Under the terms of the above quoted Section 3 when a delinquent boy is committed to a suitable public institution, he shall be over the age of ten (10) years and under the age of seventeen (17) years.

Paragraph (2), Section 13, provides that a delinquent child can be committed to a public institution for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years.

It is mandatory that the birth date of the boy be given in the commitment or a certified copy of the birth certificate attached thereto in order for the Superintendent to be in a position to determine whether or not the boy is eligible for admission to said institution. Further it is necessary that the Superintendent receive the above information in order to determine when the boy reaches twenty-one (21) years of age, so that he may release him from the institution.

In addition to the above, Section 13 plainly provides that the date of birth shall be included in the commitment or a certified copy of the birth certificate attached thereto, and it is very obvious that the commitment is not complete and in compliance with our statutes unless the birth date is contained therein or a certified copy of the birth certificate attached thereto.

Honorable R. N. Winship, Jr., page 4

In view of the foregoing, it is the opinion of this department that the Superintendent shall refuse to receive a boy committed to the Gatesville State School for Boys when the committing court fails to give, in the order of commitment, the birth date of the child or attach thereto a certified copy of the birth certificate.

Although it is mandatory on the court to transmit with the order of commitment a summary of information concerning the child, such information is not a part of the commitment.

It is therefore our opinion that if the commitment complies with the terms of our statutes <u>including the date of birth or a certified copy of birth certificate</u>, the Superintendent shall receive the boy, and the above described information can be received at a later date.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      *J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant

JCD:db

APPROVED AUG 23, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE

